IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JESUS FLORES-ELIZALDE, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-26-CV-621-KC |
| § | |
| PAM BONDI et al., § | |
| § | |
| Respondents. § | |

## SHOW CAUSE ORDER

On this day, the Court considered Jesus Flores-Elizalde's Motion to Proceed in Forma Pauperis ("Motion"), ECF No. 1, and Petition for a Writ of Habeas Corpus, ECF No. 1-1.

### I.   MOTION TO PROCEED IN FORMA PAUPERIS

Flores-Elizalde requests that the Court allow him to proceed in Forma Pauperis ("IFP") and waive the filing fee for his Petition.  *See* Mot. 1.

To determine whether a litigant qualifies for IFP status, "the central question is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex Dep't of Crim. Just.*, No. 96-cv-10614, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  Absolute destitution is not required.  *Id.*  In making this determination, courts consider factors such as the movant's present assets, reasonably anticipated income, and necessary living expenses.  *Roden v. Texas* No. 94-cv-10808, 1995 WL 371022, at *2 (5th Cir. June 2, 1995). Flores-Elizalde is not employed, has no income, and has no savings or assets.  Mot. ¶¶ 1–3.  He has thus made the requisite showing that he is unable to afford the costs of the proceeding and qualifies for IFP status.  *See Ayers*, 1995 WL 696702, at *1.

## II. PETITION FOR A WRIT OF HABEAS CORPUS

Flores-Elizalde is held in immigration detention at the El Paso Service Processing Center in El Paso, Texas. Pet. ¶ 1. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 25–38; *id.* at 7.

Flores-Elizalde entered the United States in 2002, at the age of eleven. *Id.* ¶ 11. He has lived in the country since then, for approximately twenty-four years. *Id.* ¶¶ 11–18. He was apprehended and detained by immigration authorities for the first time on September 24, 2025. *Id.* ¶ 19. As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected. Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Flores-Elizalde's case warrant a different outcome.

## III. CONCLUSION

Accordingly, the Court **ORDERS** that Flores-Elizalde's Motion, ECF No. 1, is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents are shall **SHOW CAUSE** by <u>**no later than March 11, 2026**</u>, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

      **IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

      **SO ORDERED**.

      **SIGNED this 4th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE